UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEE M. SOUILLIARD,** : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 25-cv-1110 |
| : | |
| **DISTRICT JUSTICE ROBERT** : | |
| **HAWKEE,**[1] : | |
|     Defendant. : | |

**MEMORANDUM**

**Joseph F. LEESON, Jr.**                                                                **April 15, 2025**
**United States District Judge**

        Currently before the Court is a Complaint filed by Plaintiff Renee M. Souilliard raising constitutional claims against District Justice Robert Hawke. (ECF No. 2.) Souilliard seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Souilliard leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.    FACTUAL ALLEGATIONS**[2]

        Souilliard alleges that on October 20, 2023, she was arrested and "illegally removed from her home" due to an order signed by Judge Hawke. (Compl. at 6.) She claims that "a thirteen

---

[1]    Plaintiff spells defendant's last name incorrectly. The correct spelling is Hawke. The correct spelling will be used throughout this memorandum.

[2]    The factual allegations are taken from the Complaint ("Compl") (ECF No. 2). The Court considers the entirety of Souilliard's submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up. The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

month long legal battle" presided over by Judge Hawke had concluded just three days prior.[3] (*Id*.) The police involved allegedly "laughed and ridiculed" her, "did not obtain proof of ownership by the accuser and proceeded to take [her] to be arraigned" by Judge Hawke, who had "a big smile on his face, standing over [her] with hatred spewing out of his eyes." (*Id*.) She claims that Judge Hawke "proceeded to threaten, coerce, and intimidate [her] into signing papers without an attorney or reading them. He whipped them out of [her] hands until [she] complied. He threw the papers back at [her]." (*Id*.) She asserts that "the higher court released [her] one week later, and following that, all charges were dropped." (*Id*.) She alleges that she had "permission to temporarily live on 1162 Stateside Drive by the owner," and had witnesses. (*Id*.) As a result, she claims that her Fifth and Fourteenth Amendment Rights were violated because Judge Hawke retaliated against, intimidated, threatened, and coerced her, and he "did not recuse himself because of a thirteen-month case between [them] that just ended three days prior." (*Id.* at 5.) She further asserts Judge Hawke's actions resulting in a crime because it is unlawful to, *inter alia*, coerce, retaliate, intimidate a person who "assisted in an investigation." (*Id*. at 3.) She suffered "severe mental and emotional trauma, was "thrown in jail for nothing," and her cat died as a result of being "falsely arrested and incarcerated." (*Id*. at 7.) Souilliard seeks money damages and requests the Court to dismiss Judge Hawke "from the bench." (*Id.* at 7.)

---

[3]    A review of public records indicates that Judge Hawke presided over a civil case brought by Souilliard in 2021 against Cindy Reed and Camille Wiegand, which was dismissed by the Court. *Souilliard v. Reed, at al.,* MJ-03301-CV-0000139-2021 (M.D. Northampton). A further review of public records does not indicate Judge Hawke presided over any other cases involving Souilliard, but she did bring another civil case against Reed and Wiegand that resulted in a default judgment in favor of Plaintiff, over which a different Judge had presided. *Souilliard v. Reed, at al.,* MJ-31202-CV-0000005-2021 (M.D. Lehigh). Defendants appealed the default judgment. *See id.*

## II.     STANDARD OF REVIEW

The Court grants Souilliard leave to proceed *in forma pauperis* because it appears that she does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. Additionally, the Court is also obligated to dismiss any claims that seek monetary relief from an immune defendant.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  As Souilliard is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The vehicle by which Souilliard brings her federal constitutional claims is pursuant to 42 U.S.C. § 1983.  (*See* Compl. at 5.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

3

the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  However, judges are entitled to absolute immunity from § 1983 civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  Since it is apparent that Souilliard's § 1983 claims against Judge Hawke are based on acts he took in his judicial capacity while presiding over cases for which he had jurisdiction to act,[4] he is entitled to absolute judicial immunity from Souilliard's claims.

---

[4]     It also appears she alleges Judge Hawke committed federal crimes based on his actions because it is unlawful to, *inter alia*, coerce, retaliate, intimate a person who "assisted in an investigation." (Compl. at 3.)  Even if Judge Hawke was not entitled to absolute judicial immunity here, which he is, any attempt to bring criminal charges against him also fails because criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Souilliard leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court concludes that under the circumstances of this case, Souilliard cannot cure the defects in her Complaint, so the dismissal will be with prejudice and she will not be given leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints should be with leave to amend "unless amendment would be inequitable or futile").  Because her Complaint will be dismissed, her request for Judge Hawke to be "dismissed" from the bench is denied.[5]

An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[5]  "'[A] request for injunctive relief by itself does not state a cause of action. . . .  An injunction is a remedy, not a separate claim or cause of action.  A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.'"  *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 465 (E.D. Pa. 2013) (quoting *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010)).